UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| **ABILENE MUSIC LLC and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No.:_______________** |
| **DBN, Inc. and Athanasios Angelopoulos,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant DBN, Inc. ("DBN"), is a corporation organized under the laws of Tennessee, with a principal place of business located at 122 Boat Dock Drive, Dandridge, Tennessee 37725.

6. At all times hereinafter mentioned DBN did, and still does, own, control, manage, operate, and/or maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Angelos' at the Point, located at 122 Boat Dock Drive, Dandridge, Tennessee 37725.

7. Musical compositions were and are publicly performed at Angelos' at the Point.

8. On information and belief, defendant Athanasios Angelopoulos ("Angelopoulos" and, together with DBN, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Angelopoulos was, and still is, an owner and/or officer of DBN.

10. At all times hereinafter mentioned, Angelopoulos was, and still is, responsible for the control, management, operation, and maintenance of the affairs of DBN.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Angelos' at the Point, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Angelos' at the Point.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since December 2021, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Angelos' at the Point. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

16. Defendants have refused all of ASCAP's license offers for Angelos' at the Point.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Angelos' at the Point constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Angelos' at the Point, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

19. The composition named in cause of action 1 of Schedule A was registered as an unpublished composition on the date stated in Column 5 of Schedule A.

20. The compositions named in causes of action 2 and 3 of Schedule A were

published on the date stated in Column 5 of Schedule A, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6 of Schedule A.

22. The composition named in cause of action 1 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7 of Schedule A. The date and identification number of the renewal certificate are set forth in Column 8 of Schedule A.

23. Defendants on the dates specified in Column 9 of Schedule A, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A by performing publicly the compositions Angelos' at the Point, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Angelos' at the Point of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 of Schedule A were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Angelos' at the Point include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Angelos' at the Point, or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted,

*s/ Blakeley D. Matthews*
Blakeley D. Matthews, Esq. (BPR #12168)
Nicholas A. Casseb, Esq. (BPR #40910)
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, Tennessee 37228
(615) 244-1440
bdmatthews@cclawtn.com
nacasseb@cclawtn.com

*Attorneys for Plaintiffs*